■ In the Matter of STERLING DRUG, INC., Appellant, v WILLIAM HEINTZ, as Assessor of the Town of East Greenbush, et al., Respondents. — Appeal from that part of a judgment of the Supreme Court at Special Term (Kahn, J.), entered October 27, 1980 in Rensselaer County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, for an order prohibiting the East Greenbush Central School District from levying taxes for the 1980-1981 school year on a tax assessment roll other than the 1980 tax assessment roll. In 1980, the County of Rensselaer conducted a county-wide evaluation of real property to comply with the full value requirements of section 306 of the Real Property Tax Law (all statutory references hereinafter are to this consolidated law unless otherwise specified). Prior to June 1, 1980, the respondent Assessor of the Town of East Greenbush filed a tentative assessment roll based on full value assessment pursuant to sections 506 and 1526. As mandated by subdivision 2 of section 506, the Board of Assessment Review of the Town of East Greenbush met in June to hear complaints in relation to assessments. Section 1524 (subd 2, par [c]) in part requires the board to complete and deliver to the assessor a verified statement of changes "on or before the date required by law for the final completion of the assessment roll". Section 1524 (subd 2, par [d]) further requires the assessor to make the changes on the roll "as soon as possible". Section 516 directs the assessor to complete the assessment roll and file a certified copy on or before the first day of August. The respondent assessor failed to carry out his duty and, as a result, respondent East Greenbush Central School District did not have that roll available to it on its taxing date of September 1, 1980. Subdivision 1 of section 1302 provides in part that for school taxes "the valuations of real property shall be ascertained from the latest final assessment roll of the city or town". The school district utilized the tax roll for 1979 as the latest final tax roll as of its taxing date of September 1, 1980. Petitioner commenced this proceeding in September of 1980 by order to show cause. Upon this appeal, the issues are whether Special Term erred in refusing (1) to prohibit the school district from levying taxes on any assessment roll other than the 1980 roll; (2) to preserve petitioner's right to seek review of the roll actually used for the school tax pursuant to article 7; and (3) to accept the petition herein as an article 7 proceeding. As to error in the use of the 1979 assessment roll for the school taxes, subdivision 1 of section 1302 expressly requires the use of the latest *final* assessment roll. This court has previously held that the latest final roll as

of the school district's taxing date is the one that the district may use (*Matter of Lone Star Cement Corp. v Board of Educ.*, 32 AD2d 101, 105). However, the *Lone Star Cement Corp.* case dealt with a *city* school district and such districts were not subject to a statutorily mandated taxing date (see, also, Real Property Tax Law, § 1302, subd 4; § 1306). Other school districts are generally bound by subdivision 3 of section 1302 to adopt the taxable status date of the town for assessment purposes, and subdivision 2 of section 1302 provides that the town assessor will deliver the assessment roll "on or before August first." Nevertheless, subdivision 1 of section 1306 expressly authorizes and directs school districts to levy taxes following an annual school meeting "on or before September first". It would seem apparent that although the statutes contemplate uniformity as between the final assessment rolls required from towns by August 1 each year and school district assessment rolls used for school tax collections commencing on September 1 of each year, the Legislature has not mandated such a result. The only requirement for school districts is that they use the *latest* of final assessment rolls. Since the school district followed that mandate as of the time it levied its tax, the petitioner has not established any right to relief on the basis that there was an incorrect assessment roll. Special Term did not err in denying petitioner's request to preserve its article 7 rights to review of the assessment roll used by the school district. Petitioner had the right to such review when the roll was first prepared by the town and there is no need to allow such a challenge in this proceeding. Finally, petitioner has not demonstrated any basis for treating the instant proceeding as a proceeding under article 7. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.